JOSEPH BABIARCZYK, Respondent, v. SWIFT
COMPANY, Defendant, JOSEPH GOLDMAN,
Intervenor, Appellant.

Kansas City Court of Appeals, December 21, 1914.

ATTORNEY'S LIEN: Doctor: Imposition. An employee of a pack-
ing house recovered judgment against it for personal injury.
When hurt and taken to his boarding house he asked for a
·doctor, when a lawyer was brought whom he thought was a
doctor, and he signed a contract of employment, thinking it
was authority to a physician. He afterwards· employed other
lawyers who instituted an action and recovered judgment for
him. The first lawyer then intervened and asked to have an
attorney's lien enforced for his fee. The lien was denied.

Appeal from Buchanan Circuit Court.—*Hon. C. H.
Mayer*, Judge.

AFFIRMED.

*B. L. Liberman* and *Jas. W. Boyd* for appel-
lant.

*Mytton & Parkinson* for respondent.

ELLISON, P. J.—Defendant is engaged in op-
erating a packing house plant in St. Joseph, Missouri,
and plaintiff was a laborer therein. While engaged
at work his hand was injured and charging it to de-
fendant's negligence, he brought an action in which
he recovered a judgment for $1200.

Subsequently, Joseph Goldman, an attorney, be-
gan the present proceedings by filing a motion in the
cause, setting up that he was engaged by plaintiff
to prosecute or compromise his claim and as com-
pensation was to have fifty per cent of what was re-
ceived, and he asked that a lien be sustained against
the judgment. This motion was contested by plain-

tiff and judgment rendered in his favor by the trial court. Goldman appealed to this court.

The fact that the plaintiff and one of the principal witnesses did not comprehend the English language very well, has made it difficult to fully understand the case. Goldman claims to have been regularly employed by written contract, executed by plaintiff, to prosecute or compromise the case. Plaintiff's version of his connection with Goldman is that he wanted a doctor to attend his injury. This want of his brought two foreign women into the case, a Mrs. Ceremuga and Mrs. Goldberg. The former was his landlady and he asked her to get a doctor. She went to Mrs. Goldberg and it seems the latter got a lawyer (Goldman) instead. He admitted Mrs. Goldberg called him by phone. At any rate, Goldman appeared and plaintiff was told that he could cure him. Plaintiff asked how much he would charge for treating him and Goldman answered that he would be paid by the defendant company. He then produced a paper which plaintiff signed, thinking he was dealing with a doctor. After Goldman left plaintiff's landlady told him that he had been talking to a lawyer instead of a doctor and he then went to see Mrs. Goldberg and asked her why she sent a lawyer to him instead of a doctor. He then notified defendant of what had taken place.

Shortly after this Goldman went to see plaintiff, when either he or his landlady were offensive to him. Shortly after this, Messrs. Mytton & Parkinson, attorneys at St. Joseph, were employed by plaintiff to prosecute his action against defendant. They did so, and recovered a judgment for twelve hundred dollars.

Goldman claims that he made efforts to settle the case with defendant without suit, but did not get an acceptable offer. On examination as to this, his testimony was not entirely candid, and consequently not as satisfactory as it should have been. He refused

to answer when asked to whom he talked about a settlement—said it was privileged; but when the privilege was waived, and he was required by the court to answer, he stated he could not remember. Then when asked further as to offers of settlement, where and when they were made, he could not remember. It seems that he brought suit on the claim, but testified that he did not know when. In fact, as disclosed by the record, it was *after* this judgment was obtained; and about eighteen months after the suit upon which it was recovered was instituted.

We need not set forth a detailed examination of the entire evidence and only need to state that, in our opinion, it fully sustains the conclusion of the trial court and to that we defer. The judgment is affirmed. All concur.